```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA           :
                                   :   18 CR 701 (VM)
    - against -                    :
                                   :
ROBERT TAYLOR,                     :   DECISION AND ORDER
                                   :
            Defendant.             :
-----------------------------------X
```
**VICTOR MARRERO, United States District Judge.**

Robert Taylor ("Taylor") is currently serving a sentence of 36 months' imprisonment at FCI Allenwood after pleading guilty to the commission of three Hobbs Act robberies. (See Dkt. No. 21.) Now before the Court is Taylor's motion for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) ("Section 3582"). (See "Motion," Dkt. No. 27.) For the reasons set forth below, the Court DENIES the Motion.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) ("Section 3553(a)") and finding that "extraordinary and compelling reasons warrant such a reduction." Section 3582(c)(1)(A)(i). A court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP]

to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Section 3582(c)(1)(A). Any reduction of sentence under Section 3582 must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." Id. United States Sentencing Guidelines Section 1B1.13 ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist.

Taylor claims that his case presents extraordinary and compelling reasons for release to home confinement because he only has seven months left on his sentence and because the COVID-19 pandemic presents serious health risks to the general prison population, including inmates at FCI Allenwood. (See generally Motion.) Taylor notes that he has satisfied the exhaustion requirements of Section 3582 (see id. at 5-6), and he argues that the Section 3553(a) factors weigh in favor of release because incarceration during a pandemic occasions a greater degree of punishment than usual. (See id. at 12-13.) On June 18, 2020, Taylor filed a letter stating that he has multiple health conditions that increase his risk of negative complications from infection by the coronavirus, which further indicate that

extraordinary and compelling circumstances warrant his release. (See "Letter," Dkt. No. 29.)[1]

The Government filed an opposition to Taylor's Motion and Letter on June 25, 2020. (See "Opposition," Dkt. No. 31.) While the Government agrees that Taylor has satisfied Section 3582's exhaustion requirements (see id. at 1 n.1), it disagrees that Taylor has presented extraordinary and compelling reasons for his release and further argues that the Section 3553(a) factors do not weigh in favor of release. (See id. at 3-9.)

Taylor filed a reply in support of his Motion and Letter on June 29, 2020. (See "Reply," Dkt. No. 32.) Taylor challenges the Government's arguments in his Reply, reiterating his positions on his medical conditions, the risks posed by further incarceration at FCI Allenwood, and the brief period remaining on his sentence. He similarly takes issue with the Government's position regarding the Section 3553(a) factors, consistently with his arguments in the Motion. (See id. at 6-7.)

---

[1] Because the parties have redacted the details of Taylor's medical conditions in their filings, the Court similarly refrains from explicitly identifying those conditions in this Order. The Court has nevertheless reviewed the unredacted versions of the filings and fully considered all arguments.

Because Taylor has satisfied the exhaustion requirements of Section 3582, The Court considers and denies the Motion on its merits. Taylor has not demonstrated sufficiently "extraordinary and compelling reasons" for release at this time. The Court is mindful of the concerns that the ongoing pandemic presents for those with health concerns like Taylor's, and it recognizes that compassionate release may sometimes be justified if only a small portion of a term of imprisonment remains to be served. Similarly, the Court acknowledges that BOP facilities may not optimally facilitate social distancing and other hygienic practices that might limit the spread of the coronavirus. But these reasons are not necessarily extraordinary and compelling in the sense required by Section 3582. The Court has already denied motions for compassionate release by inmates with health conditions that present even greater concerns and similar periods of time remaining on their sentences. See United States v. Reese, No. 12 CR 629, 2020 WL 2554381 (S.D.N.Y. May 20, 2020) (denying Section 3582 motion of inmate at FCI Allenwood Low with less than seven months remaining on his sentence and health conditions including asthma, hypertension, diabetes, and heart conditions).

4

The Application Notes to Section 1B1.13 do not provide substantial support for Taylor's claim that extraordinary and compelling circumstances warrant his release. First, his medical conditions are not terminal and do not substantially diminish his ability to provide self-care, and the record reflects that Taylor has thus far adequately managed his medical conditions in conjunction with the BOP. See Section 1B1.13; Opposition at 4-5, Ex. A.[2]

And while Taylor argues that conditions at FCI Allenwood are dangerous even in the absence of currently confirmed cases among inmates, courts have denied motions for compassionate release from inmates at BOP facilities with similar or demonstrably worse conditions. See, e.g., United States v. Brady, No. 18 CR 316, 2020 WL 2512100, at *3-4 (S.D.N.Y. May 15, 2020) (noting serious nature of defendant's medical conditions but denying compassionate release where conditions stable and managed in BOP facility); United States v. Garcia, No. 18 CR 802, 2020 WL 2468091, at *5-6 (S.D.N.Y. May 13, 2020) (denying compassionate release to defendant with asthma,

---

[2] While Taylor relies on the broad "catch-all" provision of Section 1B1.13 rather than the provision focusing solely on medical conditions, the latter may nevertheless provide some guidance on how the Court should weigh Taylor's medical conditions when assessing the Motion.

hypertension, and heart conditions housed in facility with 40 documented cases of virus). For reasons explained further below, the Court also does not view the brief period remaining on Taylor's sentence as sufficiently compelling to warrant release. Considering Taylor's arguments in full, the Court concludes that Taylor has not demonstrated the requisite "extraordinary and compelling reasons" warranting release to home confinement at this time, whether under the catch-all provision of Section 1B1.13 or otherwise. See Section 1B1.13, cmt. n.1(D).

Even if Taylor did demonstrate "extraordinary and compelling reasons" for release under Section 3582, the factors listed in Section 3553(a) would still weigh against his release on balance. See United States v. Kerrigan, No. 16 CR 576, 2020 WL 2488269, at *4 (S.D.N.Y. May 14, 2020); United States v. Nieves, No. 12 CR 931, 2020 WL 2476185, at *3 (S.D.N.Y. May 13, 2020). As the Government notes, Taylor pled guilty to three serious crimes. He threatened violence while committing three robberies over a span of roughly two weeks while on parole for another offense. (See Opposition 1-2.) Furthermore, these are not isolated incidents. In 1988, Taylor was convicted of manslaughter after causing the death of a victim while committing an armed robbery, and in 2001 he was convicted of multiple crimes when he

6

injured two people by firing a gun. (See id. at 8-9.) The nature and circumstances of the offenses, and the defendant's history and characteristics, weigh against release in the Court's Section 3553(a) analysis.

The relatively short sentence initially imposed for Taylor's offenses of conviction further weighs against granting the Motion; though the United States Sentencing Guidelines provided for 63 to 78 months of imprisonment, the Court imposed a substantially reduced sentence of 36 months' imprisonment. A further reduced sentence would not adequately reflect the seriousness of the crimes committed, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. The Court concludes that the weight of the Section 3553(a) factors would not warrant granting Taylor's Motion at this time.

Accordingly, it is hereby

**ORDERED** that the motion of Robert Taylor for compassionate release (Dkt. No. 27) is **DENIED**.

**SO ORDERED.**

Dated:  New York, New York
        30 June 2020

_____
Victor Marrero
U.S.D.J.

7